### WOODWARD v. MUSGRAVE.

(Supreme Court, Appellate Division, First Department. February 12, 1897.)

REFERENCE—MOTION TO VACATE ATTACHMENT.

    A provision in an order overruling a motion to vacate an attachment on the papers, with leave to renew, referring all the papers and affidavits to a referee, and giving each party the right to examine the affiants and to introduce other testimony, the same to be reported back by the referee, with his opinion thereon, is erroneous; there being no motion pending, and no question of fact referred.

Appeal from special term, New York county.

Action by Edwin P. Woodward against Fannie E. Musgrave. An order was entered overruling a motion by defendant to vacate the warrant of attachment, and from a provision of such order directing a reference the plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James J. Allen, for appellant.
Franklin Bien, for respondent.

VAN BRUNT, P. J. On the 31st of July, 1896, the plaintiff applied to one of the justices of the supreme court for an attachment against the property of the defendant, upon the ground of nonresidence, in an action brought to recover upon certain promissory notes mentioned in the complaint. The defendant procured an order to show cause, upon her own affidavit, why the warrant of attachment issued in this action against the property of the defendant on the ground that she was a nonresident should not be vacated and set aside because the defendant was at such time, and still is, a resident of the city, county, and state of New York. Upon said motion coming on to be heard, the plaintiff submitted affidavits tending to contradict the affidavit of the defendant, and to sustain the contention that the defendant was a nonresident. The court thereupon made an order that the question of the defendant's residence at the time of the issuing of the attachment be referred to a referee, and such order required the referee to report the proof taken by him, together with his opinion thereon, to the court, with all convenient

speed. The parties appeared before the referee, and the defendant claimed that the plaintiff had the affirmative and should commence the proceedings. The referee having so held, the plaintiff declined to proceed with the reference or to produce any witnesses, and took an exception. The referee thereupon reported the foregoing facts, and that, as in his opinion the plaintiff had failed to establish the defendant's nonresidence, the attachment should be vacated. It may be observed, in passing, that the question of vacating the attachment had never been referred to the referee, and he had no authority to report thereon. The simple question referred to him was the question of the defendant's residence at the time of the issuing of the attachment. Thereupon, on the 24th of November, 1896, the defendant procured an order to show cause why the attachment should not be vacated and set aside on the ground that the defendant was a resident of the state of New York at the time of the issuance thereof, and for the reason that the plaintiff had failed to make out nonresidence of the defendant, as directed by the referee, which question was referred to said referee, and for such other relief as might be proper. This motion came on to be heard on the 21st of December, 1896, the court having before it all the papers which were used upon the motion of the 5th of August, 1896, together with the proceedings before the referee, and the affidavit upon which the order to show cause of November 24th was obtained; and it was ordered that said motion to vacate the attachment "be at this time, and upon the papers now presented, denied, with leave, however, to the defendant to renew said motion upon the coming in of the referee's report provided for by this order." It was further ordered that the affidavits and papers upon which said attachment was granted, together with those which were before the court upon the previous motion to vacate the attachment, and which were recited in the order of September 17, 1896, be referred back to the same referee, with the right to either party to examine the affiants, and to introduce such other proof as to the defendant's residence as they might be advised. The referee was ordered to take such proof as might be offered, and report the same, with his opinion thereon, and it was ordered that the affirmative of the question referred to the referee be with the plaintiff. The plaintiff thereupon appealed from such order of December 21, 1896, and from each and every part thereof, excepting that part of the order which orders that the motion to vacate the attachment be denied. It is this appeal which is now before the court.

It will be seen that the order under consideration does not refer any question of fact to the referee, or direct him to take proof upon any question of fact. Certain affidavits and papers are referred back to the referee, and he is directed to take such proof as may be offered, and to report the same, with his opinion thereon,—the proof not being confined to any particular question or subject. It is to be observed that in references upon motions the proceedings before the referee do not supersede the affidavits which are before the court upon the motion. Such references are only made for the purpose of giving the parties an opportunity to cross-examine affiants,

and for the introduction of additional testimony upon the question involved in the motion. Therefore, when neither party offered any additional proof, or asked for the cross-examination of either of the affiants, and the case came back to the court, the court was bound to decide the motion upon the papers then before it, being the papers which were before the court upon the original motion. This the court apparently did, and denied the motion to vacate the attachment, as it would seem it was its duty to do from the nature of the proof which was then before it. The order of reference was entirely unnecessary in the first instance, and was improper. Such order should not be made except in extreme cases, where large interests are involved, and it is impossible to reach a conclusion upon the papers before the court. The expenses of such references are always great,—in many instances largely exceeding the value of the real subject-matter in controversy. This expense is necessarily a great hardship, which is imposed upon the defeated party, and sometimes upon the successful party. It would seem that the court, upon the papers before it, should have absolutely denied the motion to vacate the attachment, and that the order of reference was ill-advised and must be reversed.

The order, so far as it is appealed from, should be reversed, with $10 costs and disbursements.

WILLIAMS, PATTERSON, and O'BRIEN, JJ., concur.

INGRAHAM, J. I concur. The defendant not having appealed from the order denying his motion, we have no power to review the action of the special term. The motion having been denied, the court had no authority to refer any question of fact, as there was no question before the court. The order of reference was therefore unauthorized, and the order, so far as it is appealed from, should be reversed.